**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THERESA LURWICK -and-                          :
RONALD LURWICK, w/h                            :
　　　　　　　　　*Plaintiffs*                  :            Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　vs.                                       :
　　　　　　　　　　　　　　　　　　　　　　　:
STATE FARM MUTUAL AUTOMOBILE                   :
INSURANCE COMPANY                              :
　　　　　　　　　*Defendant.*                  :

**CIVIL ACTION COMPLAINT**

## I.　PARTIES

1.　　Plaintiffs, Theresa Lurwick and Ronald Lurwick, w/h, are adult individuals and citizens of the State of Delaware, residing therein at 24 Juniper Street, New Castle, DE 19720.

2.　　Defendant, State Farm Mutual Automobile Insurance Company, ("State Farm"), was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Illinois and authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, with corporate headquarters and principal place of business located at 1 State Farm Plaza, Bloomington, IL 61710. Defendant is a citizen of Illinois for purposes of diversity jurisdiction.

## II.　JURISDICTION AND VENUE

3.　　Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.　　The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District and because Defendant regularly conducts business within the district.

## III.　STATEMENT OF CLAIMS

6.　　At all times material herein, the Defendant State Farm, acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7.　　At all times material hereto, Plaintiff Theresa Lurwick was insured by Defendant State Farm under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 061 2372-B20-08C.  A copy of the Declaration Pages for policy number 061 2372-B20-08C covering the date of the accident at issue in this matter are attached as Exhibit "A" and incorporated by reference.

8.　　On or about May 3, 2024, while the aforementioned policy was in full force and effect, Plaintiff Theresa Lurwick was lawfully operating a silver 2017 GMC Terrain motor vehicle, Delaware license plate # PC397265, traveling northbound on I-95 at or near mile marker 2.0 in Delaware County, Pennsylvania, when, suddenly and without warning, a red 2015 Mitsubishi motor vehicle, Delaware license plate # 00459247, owned and/or operated by Lane Harrison, which was traveling behind Plaintiff's vehicle at or near the same location, struck the Plaintiff's vehicle, causing a chain reaction whereby the Plaintiff's vehicle was pushed into the vehicle in front of her motor vehicle before being hit a second time by Lane Harrison's vehicle, thereby causing Plaintiff to sustain severe and permanent injuries, as described more fully hereinafter.

9.    At the time of the aforementioned accident, the motor vehicle owned and/or operated by Lane Harrison was insured under a policy of automobile insurance issued by GEICO Insurance.

10.    The aforementioned accident was caused solely by the negligence and carelessness of Lane Harrison and was not the result of the actions or inactions of Plaintiff Theresa Lurwick.

11.    By reason of the aforesaid negligence and carelessness of Lane Harrison, Plaintiff Theresa Lurwick suffered severe and permanent injuries, including, but not limited to: radiculopathy of the cervical and lumbosacral regions; sprain of ligaments of cervical, thoracic and lumbar spine; sprain of left wrist; intervertebral disc displacement lumbar region; contusion of thorax; brachial neuritis/radiculitis; concussion with loss of consciousness; post-concussion syndrome; acute pain due to trauma; cervicalgia; chest pain; injury of lumbar, sacral and pelvic sympathetic nerves; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

12.    As a further result of the accident, Plaintiff Theresa Lurwick has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13.    As a further result of the accident, Plaintiff Theresa Lurwick has or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff Theresa Lurwick may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et seq. as amended, for which she claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff Theresa Lurwick has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff Theresa Lurwick has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. As a further result of the accident, Plaintiff Ronald Lurwick, has suffered the loss of earnings, society, consortium and services of his wife, to which he is legally entitled, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries his wife has suffered, and may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

18. Plaintiffs settled their underlying claims against Lane Harrison with GEICO Insurance for the limit of Lane Harrison's policy. As required by their State Farm policy, Plaintiffs obtained consent to settle with Lane Harrison. The consent to settle is attached as Exhibit "B."

19. Notice of the aforesaid covered loss and Plaintiffs' intent to pursue underinsured motorist benefits was provided to Defendant State Farm Mutual Automobile Insurance Company in a prompt and timely manner by the Plaintiffs and, at all times relevant hereto, the Plaintiffs fully

complied with all of the terms and conditions required by the policy.  A true and correct copy of the July 11, 2024 Letter of Representation to Defendant is attached as Exhibit "C" and incorporated by reference.  A true and correct copy of the January 13, 2025 Demand Letter to Defendant is attached as Exhibit "D" and incorporated by reference.  See also Exhibit "B".

20.    Plaintiffs demand underinsured motorist benefits in the amount of the policy limits.

21.    Defendant State Farm, despite Plaintiffs' January 13, 2025 demand for underinsured motorist benefits under the Policy and submission of Plaintiff's medical specials – the same documentation which supported GEICO's tender of the full limits of Lane Harrison's policy, has refused, without legal justification or cause, and continues to refuse, to pay to the Plaintiffs monies owed for the injuries suffered as a result of the aforesaid loss.  See Exhibit "D".

22.    As a result of Defendant State Farm's failure and refusal to pay reasonable benefits to the Plaintiffs as required under the Policy, Plaintiffs have suffered losses and damages.

**COUNT I**
**THERESA LURWICK v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**BREACH OF CONTRACT**

23.    Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24.    Defendant State Farm has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25.    Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26.    Defendant owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27.    For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28.    Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29.    Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

30.    Defendant's denial of coverage was made without a reasonable basis in fact.

31.    Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff Theresa Lurwick demands the Court enter judgment in favor of Plaintiff and against Defendant State Farm Mutual Automobile Insurance Company, and award compensatory damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT II
### THERESA LURWICK v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
### BAD FAITH – 42 PA. C.S.A. §8371

32.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-one (31) of the within Complaint, as though the same were fully set forth at length herein.

33.     Defendant State Farm Mutual Automobile Insurance Company has engaged in bad faith toward the Plaintiff with respect to its adjustment of Plaintiff's aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

34.     In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiff's covered loss, Defendant State Farm Mutual Automobile Insurance Company, acting by and through its duly authorized agents, servants, workmen and/or employees, has engaged in the following conduct:

(a)     failing to complete a prompt and thorough investigation of Plaintiff's claims;

(b)     failing to pay Plaintiff's covered loss in a prompt and timely manner;

(c)     failing to pay Plaintiff's covered loss where no debatable reason existed to deny the claim and/or refuse to pay full value of the claim;

(d)     conducting an unfair and unreasonable investigation of Plaintiff's claim;

(e)     failing to objectively and fairly evaluate Plaintiff's claim;

(f)     failing to keep Plaintiff or their representatives fairly and adequately advised as to the status of the claim;

(g)     unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiff or their representatives;

(h)     unreasonably withholding policy benefits;

(i)     acting unreasonably and unfairly in response to Plaintiff's claim; and

(j)     unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

35.     For the reasons set forth above, Defendant State Farm Mutual Automobile Insurance Company has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including interest from the date the claim was made in

an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

**WHEREFORE**, Plaintiff, Theresa Lurwick, demands that the Court enter judgment in favor of Plaintiff and against Defendant, State Farm Mutual Automobile Insurance Company, and award compensatory and punitive damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with interest, costs and attorneys' fees as may be adequate, just and proper.

**COUNT III**
**RONALD LURWICK v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
**BREACH OF CONTRACT - LOSS OF CONSORTIUM**

36.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

36.    Defendant State Farm has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for Plaintiff's loss of consortium.

37.    Defendant has failed to reasonably investigate Plaintiff's claim for loss of consortium such that a thorough and proper inquiry would have revealed that Plaintiff suffered a significant loss caused by the aforementioned accident described in this Complaint.

38.    Defendant State Farm owes Plaintiff a contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

39.    For the reasons set forth above, Defendant State Farm has violated its obligations under the policy of insurance.

40.     Defendant State Farm owes Plaintiff the policy limit in underinsured motorist benefits for loss of consortium pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

41.     Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

42.     Defendant's denial of coverage was made without a reasonable basis in fact.

43.     Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

**WHEREFORE**, Plaintiff Ronald Lurwick demands the Court enter judgment in favor of Plaintiff and against Defendant State Farm Mutual Automobile Insurance Company, and award compensatory damages in an amount not in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully,

**SWARTZ CULLETON FERRIS**

By:    /s/ Maria K. McGinty-Ferris
       Maria K. McGinty-Ferris, Esquire
       Attorneys for Plaintiffs,
       Theresa Lurwick and Ronald Lurwick, w/h

Date: May 29, 2026

# EXHIBIT A

State Farm Mutual Automobile Insurance Company
PO Box 2358
Bloomington IL 61702-2358

05398-3-A      MUTL  VOL

**DECLARATIONS PAGE**

NAMED INSURED
AT2
          002063  0058               08-952E-3 A     A
LURWICK, RONALD & THERESA M
24 JUNIPER ST
NEW CASTLE DE   19720-4928

| POLICY NUMBER    061 2372-B20-08C |
| POLICY PERIOD SEP 19 2023 to FEB 20 2024 |
|     12:01 A.M. Standard Time |

STATE FARM PAYMENT PLAN NUMBER
 1320461421

AGENT

HENRY NACE
1339 W CHESTER PIKE STE 5
WEST CHESTER, PA 19382-6016

PHONE: (610)696-5999

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

### YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|------|------|-------|-----------|--------------------|-------|
| 2017 | GMC | TERRAIN | SPORT WG | 2GKALNEKXH6299023 | 603H301100 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---------|-------------------|----------|
| A P | Combined Premium | $401.63 |
| A | Liability Coverage | |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $50,000          $100,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $100,000 | |
| P | No Fault Coverage | |
| | (See Policy Schedule for Limits.) | |
| D | Comprehensive Coverage - $1,000 Deductible | $41.24 |
| G | Collision Coverage - $1,000 Deductible | $176.39 |
| H | Emergency Road Service Coverage | $3.27 |
| R1 | Car Rental and Travel Expenses Coverage | $24.11 |
| | Limit - Car Rental Expense | |
| | Each Day,      Each Loss | |
| | $50            $1,500 | |
| U | Uninsured Motor Vehicle Coverage | $54.98 |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $50,000          $100,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $10,000 | |

| **Total premium for SEP 19 2023 to FEB 20 2024.** | **$701.62** | This is not a bill. |

**IMPORTANT MESSAGES**

Replaced policy number 0612372-08B.

**Your total renewal premium for AUG 20 2023 to FEB 20 2024 is $842.28.**

**EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)**

```
YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE. THE POLICY BOOKLET -
FORM 9808A. AND ANY ENDORSEMENTS THAT APPLY. INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
CREDITOR= CAPITOL ONE AUTO FINANCE. PO BOX 1868. ALPHARETTA GA 30023=1868.
6126MF    AMENDATORY ENDORSEMENT.
6126MT.1  AMENDATORY ENDORSEMENT.
6128BQ    AMENDATORY ENDORSEMENT.
6908A.1   AMENDATORY ENDORSEMENT.
```

ST-56
0103-G106

| Agent: | HENRY NACE |
| Telephone: | (610)696-5999 |
| Prepared | SEP 21 2023 | 952E-A61 |

05269/02019
155-3866.2  04-2005 (o1a025hd)
I4SX0N    (o1a025te)                (o1a0254c)

See Reverse Side

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

Lynne M. Yaxsell

Secretary

Michael F Tipson

President

B10

Case 2:26-cv-03698-JM YOUR POLICY ENDORSEMENTBOOKLET Filed 05/20/26 of 2 Page 13 of 22
Policy Number: 061 2372-B20-08C

## 6126MF AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. The words "spouse", "marriage", and "marital" refer to the legal relationship between two *persons* united together in a:

   a. marriage; or

   b. civil union, domestic partnership, or similar legal union, provided such partnership or union was validly entered into in another state and provides substantially the same rights, benefits, protections, responsibilities, obligations and duties as are afforded and imposed upon married spouses; and

   that is recognized by and valid under Delaware law.

2. **UNINSURED MOTOR VEHICLE COVERAGE**

   a. **Additional Definitions**

      Item 3. of "*Uninsured Motor Vehicle* means a land motor vehicle:" *is changed to read:*

      with respect to damages for *bodily injury*, the ownership, maintenance or use of which may be insured or bonded for bodily injury liability at the time of the accident, but the applicable limits of liability for bodily injury are less than the damages sustained by the *insured*; or

   b. **Consent to Settlement** is changed to read:

      The *insured* must inform *us* of a settlement offer, if any, proposed by or on behalf of the owner or driver of the *uninsured motor vehicle*.

      Unless the settlement offer is for the entire limits of liability insurance afforded by the liability insurer of the owner or driver of a vehicle described in item 3. of the definition of "*uninsured motor vehicle*", the *insured* must request *our* written consent to accept such settlement offer. If *we*:

      1. consent in writing, then the *insured* may accept such settlement offer.

      2. inform the *insured* in writing that *we* do not consent, then the

   *insured* may not accept such settlement offer and:

      a. *we* will make payment to the *insured* in an amount equal to such settlement offer. This payment is considered a payment made by or on behalf of the owner or driver of the *uninsured motor vehicle*; and

      b. any recovery from or on behalf of the owner or driver of the *uninsured motor vehicle* shall first be used to repay *us*.

   c. **Deciding Fault and Amount** is changed to read:

      1. a. The *insured* and *we* must agree to the answers to the following two questions:

         (1) Is the *insured* legally entitled to recover compensatory damages from the owner or driver of the *uninsured motor vehicle*?

         (2) If the *insured* and *we* agree that the answer to 1.a.(1) above is yes, then what is the amount of the compensatory damages that the *insured* is legally entitled to recover from the owner or driver of the *uninsured motor vehicle*?

      b. If there is no agreement on the answer to either question in 1.a. above, then the *insured* shall:

         (1) file a lawsuit, in a state or federal court that has jurisdiction, against:

            (a) *us*;

            (b) the owner and driver of the *uninsured motor vehicle* unless:

               (i) *we* have consented to a settlement offer proposed by or on behalf of such owner or driver; or

               (ii) the settlement offer to the *insured* is for the entire limits of liability insurance afforded by the liability insurer of the owner or driver of a vehicle described in item 3. of the definition of "*uninsured motor vehicle*"; and

            (c) any other party or parties who may be legally liable for the *insured's* damages;

               (2) consent to a jury trial if requested by *us*;

               (3) agree that *we* may contest the issues of liability and the amount of damages; and

               (4) secure a judgment in that action. The judgment must be the final result of an actual trial and any appeals, if any appeals are taken.

      2. *We* are not bound by any:

         a. judgment obtained without *our* written consent; and

         b. default judgment against any *person* or organization other than *us*.

      3. Regardless of the amount of any award, including any judgment or default judgment, *we* are not obligated to pay any amount in excess of the available limits under this coverage of this policy.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2013

©, Copyright, State Farm Mutual Automobile Insurance Company, 2013

ST-56
0203-G106

05270/02019
ED1

Case 2:26-cv-03668-JM YOUR DOCUMENT BOOKLET Filed 05/29/26 Page 14 of 22   Policy Number: 061 2372-B20-08C

## AMENDATORY ENDORSEMENT

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

### THIS POLICY

The following has been added to item 5.:

*Your* purchase of this policy may allow *you* to purchase an excess and surplus lines policy from the *State Farm Companies*, subject to applicable eligibility rules.

### GENERAL TERMS

2. **Cancellation** has been changed to read:

   a. **How You May Cancel**

   *You* may cancel this policy by providing to *us* advance notice of the date cancellation is effective. *We* may confirm the cancellation in writing.

   b. **How and When We May Cancel**

   *We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

   (1) If *we* mail or deliver a cancellation notice:

   (a) during the first 59 days following this policy's effective date; or

   (b) because the premium is not paid when due,

   then the date cancellation is effective will be at least 15 days after the date *we* mail or deliver the cancellation notice.

   Otherwise, the date cancellation is effective will be at least 30 days after the date *we* mail or deliver the cancellation notice.

   (2) After this policy has been in force for more than 59 days, *we* will not cancel this policy before the end of the current policy period unless:

   (a) the premium is not paid when due; or

   (b) *you*, any *resident relative*, or any other *person* who usually drives *your car* has had his or her driver's license under suspension or revocation during the 180 days immediately before the effective date of the policy or during the policy period, and Delaware law allows such cancellation based on the reason for the suspension or revocation.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2020

---

This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

1. **THIS POLICY**

   Item 5. is changed to read:

   *Your* purchase of this policy may allow:

   a. *you* to purchase or obtain certain coverages, coverage options, coverage deductibles, coverage limits, or coverage terms on other products from the *State Farm Companies*, subject to their applicable eligibility rules; or

   b. the premium or price for other products or services purchased by *you*, including non-insurance products or services, to vary. Such other products or services must be provided by the *State Farm Companies* or by an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization.

2. **LIABILITY COVERAGE**

   a. **Insuring Agreement** and **Supplementary Payments** are replaced by the following:

   **Insuring Agreement**

   1. *We* will pay damages an *insured* becomes legally liable to pay because of:

      a. *bodily injury* to others; and

      b. damage to property

      caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

   2. *We* have the right to:

      a. investigate, negotiate, and settle any claim or lawsuit;

      b. defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and

      c. appeal any award or legal decision

      for damages payable under this policy's Liability Coverage.

   **Supplementary Payments**

   *We* will pay, in addition to the damages described in the **Insuring Agreement** of this policy's Liability Coverage, those items listed below that result from such accident:

   1. Attorney fees for attorneys chosen by *us* to defend an *insured* who is sued for such damages. *We* have no duty to pay attorney fees incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

   2. Court costs awarded by the court against an *insured* and resulting from that part of the lawsuit:

      a. that seeks damages payable under this policy's Liability Coverage; and

      b. against which *we* defend an *insured* with attorneys chosen by *us*.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

6908A.1

05270/02019

Case 2:26-cv-03688-JMY Document 1 Filed 05/20/26 Page 15 of 22

Policy Number: 061 2372-B20-08C

*We* have no duty to pay court costs incurred after *we* deposit in court or pay the amount due under the **Insuring Agreement** of this policy's Liability Coverage;

3. Interest the *insured* is legally liable to pay on damages payable under the **Insuring Agreement** of this policy's Liability Coverage:

   a. before a judgment, but only the interest on the lesser of:

      (1) that part of the damages *we* pay; or

      (2) this policy's applicable Liability Coverage limit; and

   b. after a judgment.

   *We* have no duty to pay interest that accrues after *we* deposit in court, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage. *We* also have no duty to pay interest that accrues on any damages paid or payable by a party other than the *insured* or *us*;

4. Premiums for bonds, provided by a company chosen by *us*, required to appeal a decision in a lawsuit against an *insured*. *We* have no duty to:

   a. pay for any bond with a face amount that exceeds this policy's applicable Liability Coverage limit;

   b. furnish or apply for any bonds; or

   c. pay premiums for bonds purchased after *we* deposit

in *court*, pay, or offer to pay, the amount due under the **Insuring Agreement** of this policy's Liability Coverage; and

5. The following costs and expenses if related to and incurred after a lawsuit has been filed against an *insured*:

   a. Loss of wages or salary, but not other income, up to $200 for each day an *insured* attends, at *our* request:

      (1) an arbitration;

      (2) a mediation; or

      (3) a trial of a lawsuit; and

   b. Reasonable expenses incurred by an *insured* at *our* request other than loss of wages, salary, or other income.

   The amount of any of the costs or expenses listed above that are incurred by an *insured* must be reported to *us* before *we* will pay such incurred costs or expenses.

b. **Exclusions**

   The exception to exclusion 2.g. is changed to read:

   This exclusion (2.g.)does not apply to damage to a:

   (1) motor vehicle *owned by* the employer of *you* or any *resident relative* if such damage is caused by an *insured* while operating another motor vehicle;

   (2) residence while rented to or leased to an *insured*; or

   (3) private garage while rented to or leased to an *insured*;

3. **GENERAL TERMS**

   a. The following is added to 2. **Where Coverage Applies**:

      *Death*, Dismemberment and Loss of Sight Coverage applies anywhere in the world.

   b. The following is added:

      **Limited Coverage in Mexico**

      This policy does not provide Mexican auto insurance and does not comply with Mexican auto insurance requirements. If *you* or any other *insured* plan to drive in Mexico, then auto insurance providing coverage in Mexico should be purchased from a Mexican insurance company.

      Subject to the above paragraph, the following coverages apply in Mexico, but only for accidents and *losses* that occur in Mexico within 50 miles of the United States of America border and only for *insureds* as defined under each of the following coverages:

      a. **Liability Coverage**

         For claims brought against an *insured* in Mexico, the **Supplementary Payments** provision of this policy's Liability Coverage is changed to read:

         *We* may, in addition to the damages described in item 1. of the **Insuring Agreement** of this policy's Liability Coverage, pay or reimburse, at our option, reasonable attorney fees for an attorney licensed in Mexico to appear for and provide advice to *insureds* as defined under this policy's Liability Coverage. The amount of such attorney fees

incurred by an *insured* must be reported to *us* before *we* will make payment.

b. **Physical Damage Coverages**

   Any amount payable for the repair or replacement of the *covered vehicle* under the **Limits and Loss Settlement – Comprehensive Coverage and Collision Coverage** provision of this policy will be limited to the cost to repair or replace the *covered vehicle* in the United States of America.

   *WE* HAVE NO DUTY TO PROVIDE A DEFENSE FOR *YOU* OR ANY OTHER *INSURED* IN ANY CRIMINAL, CIVIL, OR OTHER ACTION.

   *WE* HAVE NO DUTY TO PAY ANY CLAIM OR COST THAT WOULD NOT BE PAYABLE UNDER THIS POLICY IF THE ACCIDENT OR *LOSS* HAD OCCURRED IN THE STATE OF DELAWARE IN THE UNITED STATES OF AMERICA.

   All other policy provisions not in conflict with the provisions in this **Limited Coverage in Mexico** provision of this policy apply.

   **If Other Coverage Applies**

   Any coverage provided by this **Limited Coverage in Mexico** provision is excess over any other applicable insurance.

   **Legal Action Against Us**

   Any legal action against *us* arising out of an accident or *loss* occurring in Mexico must be brought in a court that has jurisdiction in the state

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

ST-56
0303-G106

0527I/02019
ED1

of Delaware in the United States of America.

c. Paragraph c. of 5. **Premium** is changed to read:

    c. The premium for this policy may vary based upon:

        (1) the purchase of other products or services from the *State Farm Companies*;

        (2) the purchase of products or services from an organization that has entered into an agreement or contract with the *State Farm Companies*. The *State Farm Companies* do not warrant the merchantability, fitness, or quality of any product or service offered or provided by that organization; or

        (3) an agreement, concerning the insurance provided by this policy, that the *State Farm Companies* has with an organization of which *you* are a member, employee, subscriber, licensee, or franchisee.

d. 7. **Nonrenewal** is changed to read:

    7. **Nonrenewal**

        If *we* decide not to renew this policy, then, at least 30 days before the end of the current policy period, *we* will mail or deliver a nonrenewal notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page.

e. The first paragraph of b. **How and When We May Cancel** of 8. **Cancellation** is changed to read:

    *We* may cancel this policy by mailing or delivering a written notice to the most recent policy address that *we* have on record for the named insured who is shown on the Declarations Page. The notice will provide the date cancellation is effective.

©, Copyright, State Farm Mutual Automobile Insurance Company, 2010

# EXHIBIT B

Providing Insurance and Financial Services
Home Office, Bloomington, IL



October 21, 2025

Theresa Lurwick
24 Juniper St
Hst Newcastle DE  19720-4928

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:     Claim Number:     08-66X5-83C
        Date of Loss:       May 3, 2024
        Our Insured:        Theresa Lurwick

Dear Theresa Lurwick:

Please accept this letter as the written consent of State Farm Mutual Automobile Insurance Company to settle your underlying liability claim.

You can enjoy the benefits of online registration. Benefits include 24/7 access to your claim progress and staying connected to State Farm®. Just go to **statefarm.com®** and select Manage Your Claim to get registered. All you need to complete the process is some initial information, which may include your claim number, email address, and/or your State Farm policy or account number. It only takes a few minutes. If you are already registered, thank you!

Please contact us if you have any questions regarding additional coverages that may apply to this loss.

Sincerely,


Brandon Powell
Claim Specialist
512-918-4836
Fax:    (855) 820-6318

State Farm Mutual Automobile Insurance Company

# EXHIBIT C



# SWARTZ SC CULLETON PC

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Bryan M. Ferris, Esquire*

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James Cartwright, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215.550.6553
Fax: 215.550.6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
tfelzer@swartzculleton.com
bferris@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzculleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com

July 11, 2024

State Farm
Jerry Espiegle – Pip Adjuster
844-292-8615
Email: automedicalclaims@statefarm.com

RE:    Our Client:      Theresa Lurwick
       Date of Loss:    5/3/24
       Your Insured:    Theresa Lurwick
       Claim No:        0866X583C

Dear Sir Or Madam

      We represent the plaintiff, Theresa Lurwick, in the above referenced matter.  Please be advised that all correspondence, service of pleadings and documents, and all other written communications with our office should be forwarded via email only to abrownstein@swartzculleton.com. Regular mail delivery is not required. Kindly forward to our office a copy of our client's declaration page, all signed waivers, application for benefits and the police report.

**If client is going through here for PD, you're allowed to speak with client directly ONLY for PD inquiries.**

      Unless we hear from you to the contrary, our office will forward correspondence, service of pleadings and documents, and all other written communications to your office by email only.  Kindly provide us with your e-mail address at your earliest convenience.

      Thank you for your attention to this matter.

Very truly yours,

SWARTZ CULLETON PC

Lisa Berman
Administrative Assistant

# EXHIBIT D

# SWARTZ CULLETON FERRIS
## TRIAL LAWYERS

Christopher J. Culleton, Esquire*

Brandon A. Swartz, Esquire*

Bryan M. Ferris, Esquire*

Todd M. Felzer, Esquire*
Chairperson of the Workers
Compensation Department

Matthew E. Gallagher, Esquire

Larissa K. Staszkiw, Esquire

Maria K. McGinty-Ferris, Esquire

Anton R. Tupa, Esquire

Anthony Giannetti, Esquire

Adam Shorr, Esquire

Matthew J. McElvenny, Esquire

Natan M. Schwartz, Esquire

Devorah Peretz, Esquire

Thomas Cappello, Esquire

James L. Cartwright, Esquire

Caroline Fruchter, Esquire

*Partner

Please reply to:
547 E. Washington Avenue
Newtown, PA 18940

Phone: 215-550-6553
Fax: 215-550-6557

Website:
www.swartzculleton.com

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
bferris@swartzculleton.com
tfelzer@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
agiannetti@swartzculleton.com
ashorr@swartzculleton.com
mmcelvenny@swartzculleton.com
nschwartz@swartzculleton.com
dperetz@swartzclleton.com
tcappello@swartzculleton.com
jcartwright@swartzculleton.com
cfruchter@swartzculleton.com

January 13, 2025

**GEICO Insurance**
**Tim Horton**
**P.O. Box 9505**
**Fredericksburg, VA 22403-9505**
**(Demand Mailed)**

|  | RE: | Our Client: | **Theresa Lurwick** |
|---|---|---|---|
|  |  | Date of Loss: | **5/3/24** |
|  |  | Your Insured: | **Harrison Lane** |
|  |  | Claim #: | **0613728880101024** |

**Dear Mr. Horton:**

Enclosed, please find plaintiff's specials package in this matter. As you will note, **Theresa Lurwick,** sustained significant accident-related injuries. This is to advise you that our client has authorized us to settle this claim in the amount of the policy limits (including any umbrella coverage) from your client conditioned upon consent to settle from the underinsured motorist carrier.

This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until **February 13, 2025**. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us.

Should this offer not be accepted by **February 13, 2025** it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against your insured. We assume that you will communicate all the information contained within this letter to your insured, so that your insured is fully aware of this offer to settle within policy limits and the implications of any decision you make.

I look forward to hearing from you at your earliest convenience.

Very truly yours,

SWARTZ CULLETON PC

Brandon Swartz

BAS/tzw
Enclosures

